# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:09-CR-89-TLS |
| | ) | (1:16-CV-168) |
| DANIEL CARTER PORTEE | ) | |

## OPINION AND ORDER

The Defendant, Daniel Portee, is serving a 180-month sentence as a result of his conviction for being a felon in possession of a firearm, a violation of 18 U.S.C. § 992(g)(1). The Defendant was sentenced pursuant to the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He now seeks to vacate his current sentence so that he can be re-sentenced without the career offender enhancement. (Mot. to Correct Sentence Under 28 U.S.C. § 2255, ECF No. 65.) Without the armed career criminal enhancement, the Defendant's maximum sentence under the statute was ten years. He would have faced an offense level under the sentencing guidelines of 22, less three levels for acceptance of responsibility, for a Total Offense Level of 19. (PSR ¶¶ 32–40.) Combined with a Criminal History Category VI, his guidelines range would have been 63 to 78 months. However, because of the armed career criminal designation, the statutory mandatory minimum was fifteen years.

The Defendant's Motion is predicated on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated a portion of the ACCA's definition of a predicate crime of violence.[1] The Defendant argues that his 1990 conviction for a Class C felony

---

[1] In a later decision, the Court concluded that the ruling in *Johnson* introduced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Under section 2255(f)(3), a defendant may file a motion to challenge his conviction or sentence within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Stanley v. United States*, 827 F.3d 562, 564

robbery, his conviction in 2000 for pointing a firearm, and his 2006 conviction for intimidation are no longer violent felonies as defined in 18 U.S.C. § 924(e). The Government maintains that the Defendant still has three convictions that qualify him as an armed career criminal and cites to the three above, as well as to the Defendant's conviction for attempted robbery under Illinois law.

## BACKGROUND

In April 2010, pursuant to a conditional plea agreement,[2] the Defendant pled guilty to the charge that he possessed a firearm, in violation of 18 U.S.C. § 922(g)(1). In anticipation of sentencing, the probation officer prepared a presentence investigation report (PSR). Although the PSR did not specifically identify which convictions qualified, the probation officer concluded that the Defendant had been convicted of at least three felony crimes of violence. (PSR ¶ 38.) The following state convictions were noted in the Defendant's criminal history: a 1983 Illinois Attempted Armed Robbery conviction; a 1990 Indiana Class C Felony Robbery conviction; a 2000 Indiana Class D Felony conviction for pointing a firearm, and; a 2006 Indiana Class D Felony Intimidation conviction.

On August 2, 2010, the Court adopted the findings in the PSR, including the armed career criminal designation, and sentenced the Defendant to a term of 180 months of imprisonment.

---

(7th Cir. 2016) (internal quotation marks omitted). The Supreme Court decided *Johnson* on June 26, 2015. The Defendant's May 19, 2016, Motion is timely filed. Additionally, the Government also indicates that, for purposes of the pending motion, it is waiving any arguments it could make to enforce the Defendant's plea agreement waiver of his right to collateral attack his sentence. (Govt's Resp. 3 n.2.)

[2] The Defendant preserved his right to challenge the Court's denial of his motion to suppress.

## ANALYSIS

A person convicted under 18 U.S.C. § 922(g)(1) faces a mandatory minimum fifteen year sentence if he has three or more prior convictions that are either a "serious drug offense," or a "violent felony." 18 U.S.C. § 924(e). The latter term is defined to include any offense that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). In June 2015, the Supreme Court held that the italicized portion of the statute, commonly known as the "residual clause," was unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557–63.

Based on the decision in *Johnson*, the Defendant asserts that several of his convictions are no longer "violent felonies" as defined in 18 U.S.C. § 924(e) because they are not one of the enumerated offenses, and they do not have as an element, "the use, attempted use, or threatened use of physical force against the person of another." To determine if a prior conviction qualifies as a predicate offense under the ACCA, sentencing courts apply the "categorical" approach, looking only to the statutory elements of the offense, not the actual facts underlying the conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (citing *Taylor v. United States*, 495 U.S. 575, 60 (1990)); *see also United States v. Yang*, 799 F.3d 750, 752 (7th Cir. 2015) (quotation marks omitted) (stating that the sentencing court "looks at the elements of the statute of conviction to determine if it has as an element the use, attempted use, or threatened use of physical force against the person of another"). In a select few cases the application of the modified categorical approach is appropriate because a statute is "divisible," setting out one or

more elements of the offense in the alternative. In those cases, a sentencing court may look beyond the statute and the conviction to the so-called *Shepard* documents—indictments, jury instructions, and plea hearing transcripts—to determine which of the various elements of the statute formed the basis for the conviction. *Descamps*, 133 S. Ct. at 2284; *Shepard v. United States*, 544 U.S. 13, 17 (2005); *Yang*, 799 F.3d at 753. Once that is done, the categorical approach is again employed to determine whether those elements satisfy the force clause. *Yang*, 799 F.3d at 753; *see also Mathis v. United States*, 136 S. Ct. 2243 (2016).

A.  **Attempted Robbery Under Illinois Law**

In 1983, the Defendant was convicted in Illinois of attempted robbery. "A person commits the offense of robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force." Ill. Rev. Stat. 1977, ch. 38, par. 18-1. Both parties recognize that Illinois robbery has been found to qualify as a crime of violence under the force clause. *See United States v. Chagoya-Morales*, 859 F.3d 411, 422 (7th Cir. 2017); *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990). However, they disagree whether attempted robbery also qualifies.

In *United States v. Armour*, 840 F.3d 904, 907–09 (7th Cir. 2016), the Seventh Circuit held that the federal crime of attempted bank robbery qualified as a crime of violence. Although the defendant in *Armour* did not raise an attempt-focused argument, the Court indicated that it would view such an argument "skeptically." *Id.* at 909 n.3. Here, the attempt conviction occurred in Illinois, so the Court "must examine how state courts have applied the general attempt statute to the particular crime attempted" to determine whether it constitutes a violent felony. *Morris v.*

4

*United States*, 827 F.3d 696, 697 (7th Cir. 2016); *see also United States v. Collins*, 150 F.3d 668, 671 (7th Cir. 1998) ("Therefore, we must also look to Wisconsin caselaw to see how the Wisconsin courts have interpreted the attempt statute in the context of burglary.").

Under Illinois law, "A person commits the offense of attempt when, with intent to commit a specific offense, he or she does any act that constitutes a substantial step toward the commission of that offense." Ill. Rev. Stat. 1979 ch. 38, par. 8-4(a). The Defendant argues that he can conceive of ways to commit attempted robbery that does not involve the use, attempted use, or threatened use of physical force. As an example, he presents the scenario where a police officer intercepts a would-be robber as he approaches his intended victim. He asserts that such a person would have "completed all of his preparation by selecting his victim, and loading his weapon and putting himself in proximity of his victim, yet never accomplished or even attempted to use force against the victim." (Def.'s Reply 2–3, ECF No. 82.)

It is not a defense to an attempt charge that because of a misapprehension of the circumstances it therefore would have been impossible for the accused to commit the offense attempted. Ill. Rev. Stat. 1979, ch. 38, par. 8-4(b). Lying in wait, searching for, or following the contemplated victim of the crime is sufficient evidence of a substantial step "so long as the act is strongly corroborative of the actor's criminal purpose." *Illinois v. Hawkins*, 723 N.E.2d 1222, 1227 (Ill. App. Ct. 2000) (citing to the Model Penal Code and noting its emphasis on the nature of the steps taken as opposed to what remains to be done to commit a crime). However, according to Illinois case law, attempted robbery has two essential elements, one of which specifically requires the use of force or threatened force. First, the defendant must have taken a substantial step toward the commission of the robbery. Second, there must have been an attempt

5

to take property by the use of force or threat of use of force from the person of presence of another. *Illinois v. Martin*, 210 N.E.2d 587, 589 (Ill. App. Ct. 1965). What distinguishes robbery from theft (or attempted robbery from attempted theft) is "[t]he use of force or the threat of the imminent use of force." *Illinois v. Ashford*, 308 N.E.2d 271, 275 (Ill. App. Ct. 1974). In addition, Illinois law requires that a defendant have come within "dangerous proximity to success" to be convicted under an attempt statute. *Illinois v. Terrell*, 459 N.E.2d 1337, 1341 (Ill. 1984) (quotation marks and citations omitted) (describing actions that constitute a substantial step); *see also Illinois v. Hawkins*, 723 N.E.2d 1222, 1226 (Ill. App. Ct. 2000).

Accordingly, the question before the Court is whether taking action that puts one in dangerous proximity to successfully taking property of another by using force or threatening imminent force has as an element the use, attempted use, or threatened use of physical force against the person of another. Framed in this way, the answer to the question is yes. This conclusion, in addition to being supported by Illinois law, also finds support with the Seventh Circuit.

Judge Hamilton, concurring in the Seventh Circuit's decision to grant a second or successive habeas motion, elaborated on the footnote that appeared in *Armour*:

> As a matter of statutory interpretation, an attempt to commit a crime should be treated as an attempt to carry out acts that satisfy each element of the completed crime. That's what is required, after all, to prove an attempt offense. If the completed crime has as an element the actual use, attempted use, or threatened use of physical force against the person or property of another, then attempt to commit the crime necessarily includes an attempt to use or to threaten use of physical force against the person or property of another.

*Morris*, 827 F.3d at 699. The salient point then, is that implicit in any attempt offense is for the actor to have attempted to carry out all the elements of the underlying offense.

This Court finds that an attempt to commit a violent felony is a crime of violence. Whether the defendant is charged with an attempted crime, or with a completed crime that has as an element the attempted use of force, a jury will be required to determine whether the defendant had the requisite intent and took a substantial step. If the jury makes those findings, it has necessarily concluded that the defendant attempted to use force. It would thwart the statutory purpose of § 924(e) to distinguish between the two types of crimes.

**B.     Class C Felony Robbery**

In 1989, when the Defendant committed robbery in Indiana, the statute provided:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear;

commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a Class A felony if it results in serious bodily injury to any person other than a defendant.

Ind. Code § 35-42-5-1 (modified 2013). On its face, the statute appears to require the threatened use of physical force. Indeed, the Seventh Circuit has held that Indiana Robbery qualifies as a crime of violence. *See United States v. Duncan*, 833 F.3d 751 (7th Cir. 2016) (confirming that a defendant's prior Indiana convictions for robbery qualified as "violent felonies" that subjected the defendant to an enhanced sentence under the ACCA); *see also Armour*, 840 F.3d at 907 (extending the reasoning of *Duncan* to the career offender provision of the Sentencing Guidelines); *United States v. Lewis*, 405 F.3d 511 (7th Cir. 2005) (holding that an Indiana

7

robbery conviction constituted a crime of violence under both the residual clause and the elements clause of the Sentencing Guideline's identically worded career offender guideline). The Defendant acknowledges the Seventh Circuit authority, but contends that the Seventh Circuit's holding is in error, and advances argument to preserve the record for appeal.

**C.     Pointing a Firearm**

The Defendant maintains that his 2000 felony conviction for pointing a firearm at another person is not a violent felony as defined by 18 U.S.C. § 924(e).

The Indiana statute for the Defendant's conviction for Pointing a Firearm describes the following conduct: "A person who knowingly or intentionally points a firearm at another person commits a Class D felony." Ind. Code § 35-47-4-3(b) (modified 2013). "However, the offense is a Class A misdemeanor if the firearm was not loaded." *Id.* Additionally, it is not a violation of § 35-47-4-3(b) if the person pointing the firearm: is a law enforcement officer acting within the scope of his duties, is protecting his person or property, or another person who is facing imminent use of unlawful force, or is effecting an arrest or preventing escape if there is probable cause to believe the other person committed a felony. *Id.* § 35-47-4-3(a) (modified 2013).

The Indiana Court of Appeals has stated that the Indiana statute's prohibition against pointing a firearm at a person "was intended to protect individuals from being placed in danger of death or bodily injury from the discharge of a firearm." *Armstrong v. State*, 742 N.E.2d 972, 976 (Ind. Ct. App. 2001) (noting that, because a firearm is a lethal weapon, "the potential for harm exists any time a firearm is pointed at a person" (emphasis omitted) (quoting *State v. Meier*, 422 N.W. 2d 381, 385 (N.D. 1998))). Therefore, to commit a felony under § 35-47-4-3(b)

(modified 2013) requires the elements of (1) knowingly and intentionally (2) pointing a firearm (3) at another person.

The Defendant argues that the statute could be violated without use or attempted use or threatened use of physical force. "For example, a person could point a firearm at another person and tell that person 'the first chamber is empty in my weapon, I have the safety on, and furthermore, I do not have my finger inside the trigger guard.'" (Mot. 20, ECF No. 65.) Even in this scenario, the fact would still remain that the person was, for reasons not related to defense of self or property, intentionally aiming a deadly weapon at another person. It is difficult to imagine that such action is not intended to communicate a threat of injury, which is implicit in the elements of the offense.

The Court concludes that knowingly or intentionally aiming an inherently lethal weapon at another person is, at the very least, "threatened use" of physical force, i.e., force capable of causing physical pain or injury to that person. *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (defining "physical force" to mean "*violent* force—that is, force capable of causing physical pain or injury to another person.")

**D.     Intimidation**

Because Indiana's intimidation statute is divisible, a modified categorical is appropriate in determining whether the conviction is a violent felony. *United States v. Ellis*, 622 F.3d 784, 798 (7th Cir. 2010). The Defendant's charging documents show that he communicated a threat to commit a forcible felony, with the intent that the other person be placed in fear of retaliation for a prior lawful act. His offense was described as a Class D Felony.

9

In 2006, the Indiana statute provided that a "person who communicates a threat to another person, with the intent . . . that the other person be placed in fear of retaliation for a prior lawful act" commits a Class A misdemeanor. Ind. Code § 35-45-2-1(a)(2) (modified 2013). The statute defines "threat" to include "an expression, by words or action, of an intention to . . . unlawfully injure the person threatened or another person, or damage property." *Id.* § 35–45–2–1(c)(1) (modified 2013). The offense becomes a Class D felony if "the threat is to commit a forcible felony." *Id.* § 35-45-2-1(b)(1)(A) (modified 2013).

In *Ellis*, the Seventh Circuit considered whether a conviction under the subsections of the Intimidation statute that made it a felony to threaten to unlawfully injure a law enforcement officer was a crime of violence. 622 F.3d at 798 (analyzing subsections (a)(2) and (c)(1)). The court held that the Intimidation offense did not have as an element the threatened use of physical force because the threat could be directed at either physical or nonphysical injuries, including emotional or reputational harms. *Id.* at 798–99 (noting that "neither the language of the statute itself nor any Indiana case limits the reach of subsection (c)(1) to threats of physical injury").

Here, of course, the distinction is that to convict the Defendant of the Class D felony, the threat had to be to "commit a forcible felony." *See Graham v. State*, 713 N.E.2d 309, 311 (Ind. Ct. App. 1999) ("A defendant commits Intimidation, a class D felony, when he threatens to commit a forcible felony against another person with the intent that the person be placed in fear of retaliation for a prior lawful act."). *Ellis* rests on an understanding of the term "injure" in subsection (c)(1) as one that covers both physical and nonphysical injuries. The Court is not aware of any forcible felony that causes nonphysical injuries when directed at another person. However, because the Intimidation statute's definition of "threat" includes expressions of "an

10

intention to . . . unlawfully injure the person threatened or another person, or *damage property*," Ind. Code § 35–45–2–1(c)(1) (emphasis added), the forcible felony a defendant threatened to use could be one that damages property. A threat to damage property, regardless of whether by commission of a forcible felony or otherwise, does not necessarily involve "physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). Accordingly, the Court finds that the Defendant's Intimidation conviction does not have as an element the use, attempted use, or threatened use of physical force against the person of another.[3]

Even so, the Defendant still has three prior felony convictions that qualify as a crime of violence. His sentence, therefore, was not "imposed in violation of the Constitution or laws of the United States" and was not "in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

**CERTIFICATE OF APPEALABILITY**

There is no absolute entitlement to appeal a district court's denial of a motion under § 2255. See 28 U.S.C. § 2353(c)(1). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2);

---

[3] The Court is aware that it has previously ruled that a conviction under Indiana's Intimidation statute was a crime of violence for purposes of the identically worded Guideline section, § 2K2.1(a)(4)(A). *See United States v. Miller*, Cause No. 1:15-CR-46-TLS (Opinion and Order issued March 7, 2017). In that case, however, Miller had been convicted under a different portion of the Intimidation statute, which made it a Level 5 felony to "communicate[] a threat to another person, with the intent . . . that the other person engage in conduct against the other person's will," Ind. Code § 35-45-2-1(a)(1), while "draw[ing] or us[ing] a deadly weapon," *id.* § 35-45-2-1(b)(2)(A). The added element of drawing a dangerous weapon during the threatening communication is a distinguishing factor.

Rule 11 of Rules Governing Section 2255 Proceedings.

The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). Where the district court has rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. A defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate").

Given the unresolved status of certain crimes as qualifying under the ACCA as violent felonies, the Court finds that the Defendant has raised arguments regarding some of his previous convictions that could be viewed as debatable and warranting further review. Accordingly, the Court will issue a certificate of appealability.

**CONCLUSION**

For the reasons stated above, the Court DENIES the Defendant's Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 65]. The Clerk is directed to term the related civil case, Cause No. 1:16-CV-168. The Court GRANTS the Defendant a Certificate of Appealability on the issue of whether his three prior felony convictions that qualify as crimes of violence under the ACCA.

SO ORDERED on October 20, 2017.

                                         s/ Theresa L. Springmann
                                         CHIEF JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT