# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:09-CR-89-TLS |
| | ) | (1:16-CV-168) |
| DANIEL C. PORTEE | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant/Petitioner Daniel C. Portee's Letter [1:16-CV-168, ECF No. 4; 1:09-CR-89, ECF No. 87] filed on November 13, 2017. The Defendant/Petitioner asks the Court to grant him an extra 45 days from the date on which he receives his personal property, including all legal papers in his possession, subsequent to his transfer to another facility to file his notice of appeal. He states that, because he has been housed in the FCI-Gilmer Special Housing Unit, he has had "severely limited access to the law library," that he will be transported to another facility sometime within the next 12–14 days, that such transport will take an undetermined amount of time, that his legal documents will be "severely disarranged" after being searched by the Bureau of Prisons, and that the sheer number of legal documents he must review both for this case as well as several others will make it difficult for him to determine "whether his Appeal would be frivolous." (Letter 1–2.)

The Federal Rules of Appellate Procedure provide that any notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. Pro. 4(a)(1)(A). However, Rule 4(a)(1)(B) requires that a notice of appeal in a civil case in which the United States is a party be filed in the district court within 60 days of the entry of judgment or order appealed. On October 20, 2017, this Court issued an Opinion and Order [1:16-cv-168, ECF No. 1; 1:09-CR-89, ECF No. 84] denying the Defendant/Petitioner's

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [1:09-CR-89, ECF No. 65] because his sentence was not "imposed in violation of the Constitution or laws of the United States" and was not "in excess of the maximum authorized by law." 28 U.S.C § 2255(a). Because the United States is a party to this case, the deadline for the Defendant/Petitioner to file a notice of appeal from the Court's denial of his § 2255 Petition is December 19, 2017.

Rule 4(a)(5)(A) provides that "the district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." The Defendant/Petitioner filed this Request on November 13, 2017, 24 days after judgment was entered. This does not exceed the time to file an appeal pursuant to Rule 4(a).

Although his Request is timely, the Court does not find that the Defendant/Petitioner has shown good cause so as to warrant an extension of time to file a notice of appeal. In its October 20, 2017, decision the Court also issued a Certificate of Appealability, finding that the Defendant had "raised arguments regarding some of his previous convictions that could be viewed as debatable and warranting further review." (1:09-CR-89, ECF No. 65 13.) "A frivolous appeal never meets the standard for a certificate of appealability." *Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013). *See also Stewart v. Davis*, No. 3:05-CV-268, 2006 WL 2787459, at *1 (N.D. Ind. Sept. 20, 2006) ("The court's discretion on whether to grant or deny a Certificate of Appealability is the best vehicle of separating meritorious from frivolous appeals."). Thus, the Court has already determined that an appeal of the Court's decision denying his Petition under

§ 2255 is not frivolous, so there is no need for the Defendant/Petitioner to make that determination. Rather, the Defendant/Petitioner need decide only whether he wishes to pursue an appeal as to the issues raised in his § 2255 Petition. The Defendant/Petitioner has until December 19, 2017, to file his notice of appeal and has a further 30 days, until January 18, 2018, in which to petition the Court for an extension of time.

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE the Defendant/Petitioner's Request for an extension of time to file a notice of appeal [1:16-CV-168, ECF No. 4; 1:09-CR-89, ECF No. 87].

SO ORDERED on November 16, 2017.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT