# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:09-CR-89-TLS |
| | ) | (1:16-CV-168) |
| DANIEL C. PORTEE | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant/Petitioner Daniel C. Portee's Letter [1:09-CR-89, ECF No. 90] filed on January 3, 2018. The Defendant/Petitioner asks the Court to grant him an extra 45 days from the date on which he receives his personal property, including all legal papers in his possession, subsequent to his transfer to another facility, to file his notice of appeal. The Defendant/Petitioner previously filed a similar letter making the same request on November 13, 2017 [1:09-CR-89, ECF No. 87; 1:16-CV-168, ECF No. 4]. On November 16, 2017, the Court denied, without prejudice, his request [1:09-CR-89, ECF No. 88; 1:16-CV-168, ECF No. 5], finding that although his request was timely, he had not yet shown good cause for the Court to extend his time to file a notice of appeal.

In support of his renewed request, the Defendant/Petitioner states that, at the time the Court issued its November 16, 2017, Order, he was in transit to USP Coleman-1 from the FCI-Gilmer Special Housing Unit, during which he did not have access to his personal documents or to a law library. (*See* Ltr. 1.) Moreover, the Court's Order was sent to the FCI-Gilmer facility, and the Defendant/Petitioner did not receive the Order until December 19, 2017. (*Id.*) The Defendant/Petitioner states that he received his personal property on November 30, 2017. (*Id.* at 2.) Further, he states that he was deprived of his CPAP machine during his transfer and, due to a lack of communication, his medical needs were not properly met. (*Id.* at 1–2.) He also states that

on November 30, 2017, and December 3, 2017, he was threatened by other inmates at the USP Coleman-1 facility. (*Id.* at 2.) On December 15, 2017, the Defendant/Petitioner's case manager informed him that he would be transferred again until his appeal was heard, and on December 19, 2017, he was informed that he would be again deprived of his personal property for an indeterminate amount of time. (*Id.*)

The Federal Rules of Appellate Procedure provide that any notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. Pro. 4(a)(1)(A). However, Rule 4(a)(1)(B) requires that a notice of appeal in a civil case in which the United States is a party be filed in the district court within 60 days of the entry of judgment or order appealed. On October 20, 2017, this Court issued an Opinion and Order [1:16-cv-168, ECF No. 1; 1:09-CR-89, ECF No. 84], denying the Defendant/Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [1:09-CR-89, ECF No. 65] because his sentence was not "imposed in violation of the Constitution or laws of the United States" and was not "in excess of the maximum authorized by law." 28 U.S.C § 2255(a). Because the United States is a party to this case, the deadline for the Defendant/Petitioner to file a notice of appeal from the Court's denial of his § 2255 Petition was December 19, 2017.

Rule 4(a)(5)(A) provides that "the district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." The Defendant/Petitioner filed the present Request on January 3, 2018, and his Request is therefore timely.

Taking into consideration the Defendant/Petitioner's situation, the Court finds that the Defendant/Petitioner has shown good cause so as to warrant an extension of time to file a notice of appeal. However, the Court is without power to grant the Defendant/Petitioner the full extension that he seeks. The Defendant/Petitioner seeks an extension of 45 days after the return of his personal property. Rule 4(a)(5)(C) provides: "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." The prescribed time for the Defendant/Petitioner to file a notice of appeal expired on December 19, 2017. Therefore, a 30 day extension would extend the Defendant/Petitioner's time to file a notice of appeal to January 18, 2018. However, January 18, 2018, falls fewer than 14 days after the date of this Order. Therefore, the Defendant/Petitioner will have until January 30, 2018, 14 days from the date of this Order, in which to file his notice of appeal if he so chooses.

The Court advises the Defendant/Petitioner that, pursuant to the Federal Rules of Appellate Procedure, a notice of appeal must (1) "specify the party or parties taking the appeal," (2) "designate the judgment, order, or part thereof being appealed," and (3) "name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). The Defendant/Petitioner's notice of appeal need not present the exact arguments he wishes to make on appeal.

For the foregoing reasons, the Court GRANTS the Defendant/Petitioner's Request for an extension of time to file a notice of appeal [1:09-CR-89, ECF No. 90], but only until January 30, 2018, 14 days from the date of this Order. The Court CAUTIONS the Defendant/Petitioner that failure to file a notice of appeal within this time frame will result in forfeiture of his ability to appeal.

SO ORDERED on January 16, 2018.

                                       s/ Theresa L. Springmann
                                       CHIEF JUDGE THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT